IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| In re: BISPHENOL-A (BPA) | ) | MDL No. 1967 |
| POLYCARBONATE PLASTIC | ) | Master Case No. 08-1967-MD-W-ODS |
| PRODUCTS LIABILITY LITIGATION | ) | |
| _____ | ) | _____ |
| MARIA SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-1000-CV-W-ODS |
| | ) | |
| HANDI-CRAFT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION DENYING DEFENDANT HANDI-CRAFT'S MOTION FOR
SUMMARY JUDGMENT REGARDING MARIA SULLIVAN'S CLAIMS**

Pending is Defendant Handi-Craft's Motion for Summary Judgment with respect to Maria Sullivan's claims. The Court concludes there are disputed issues of material fact, so the motion (Doc. # 850) is denied.

A detailed recitation of the Court's view of the facts is unnecessary because it will ultimately be the jury's findings that are important. The facts, viewed in the light most favorably to Sullivan, suggest that she bought various brands of sippy cups (including sippy cups manufactured by Handi-Craft) but threw out all the sippy cups she had when she learned of the controversy involving BPA. Sullivan's children (like many children) tended to lose the cups, so Sullivan frequently replaced her supply. Handi-Craft argues that Sullivan cannot establish that any of the sippy cups she threw out were manufactured by Handi-Craft, but this argument cannot be credited on summary judgment.

The Record does not conclusively establish that Sullivan owned a Handi-Craft sippy cup when she threw away all that she owned. It also does not conclusively establish that she did not. For Handi-Craft to prevail, the Record must conclusively demonstrate that Sullivan *did not* own and dispose of a Handi-Craft sippy cup.

At trial, Sullivan will bear the burden of proving she disposed of a Handi-Craft sippy cup, but she does not need to prove this fact now. Handi-Craft implicitly acknowledges this but argues that the Record conclusively demonstrates she will be incapable of proving this fact at trial. The Court disagrees. The evidence is not strong, but viewed in the light most favorable to Sullivan it is sufficient to defeat Handi-Craft's request for summary judgment.

IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 23, 2012                UNITED STATES DISTRICT COURT